IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| Donald Coons aka .Ebraich.577Z, | Civil No. 11-3138-CL |
| Plaintiff, | ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS |
| v. | |
| OREGON DEPARTMENT OF ENVIRONMENT, | |
| Defendant. | |

CLARKE, Magistrate Judge:

Plaintiff Donald Coons aka .Ebraich.577Z has filed an application to proceed in forma pauperis (#3) in this matter. For the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that plaintiff fails to state a claim for relief. See 28 U.S.C. § 1915(e)(2).

## STANDARDS

28 U.S.C. § 1915(e)(2) provides that, where a case is filed in forma pauperis, "the court shall dismiss the case at any time " if the court determines that the action is frivolous, it fails to

1 - ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

state a claim on which relief may be granted, or a defendant is immune from an award of monetary relief. See Lopez v. Smith, 203 F.3d 1122, 1124, 1130 (9th Cir. 2000) (en banc); Neitzke v. Williams, 490 U.S. 319, 324 (1989) [former § 1915(d)].

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Servs., 939 F.2d 881, 882 (9th Cir. 1991).

A complaint must state a short and plain statement of the claim, Fed. R. Civ. P. 8(a), and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

Complaint allegations of pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and complaints by pro se plaintiffs are liberally construed, Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). A pro se litigant should be given leave to amend his complaint unless it is absolutely clear that no amendment could cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122, 1130-

31 (9th Cir. 2000) (en banc); Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

## DISCUSSION

Plaintiff's complaint, some of which appears to be written in Hebrew, is difficult to read. He names the Oregon Department of Environment as the defendant. It appears plaintiff seeks to bar construction at certain properties in Medford, Oregon. He refers to a "green foliage zone" and "Necessary green foliage," "Oxygen Creating Green Zone," and "depleting oxygen creating capability og [sic] green zone" in his complaint. Plaintiff refers to the civil rights division at federal court and mentions the United States Constitution.

The court has reviewed plaintiff's complaint and is unable to discern a cognizable claim upon which relief can be granted. It does not appear that an opportunity to amend would cure the deficiencies in the complaint. Because plaintiff fails to state a discernible claim and amendment appears futile, plaintiff's case should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## ORDER

Plaintiff's application to proceed in forma pauperis (#1) is granted.

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's action be dismissed and that judgment be entered accordingly.

//

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by December 27, 2011. If objections are filed, any response to the objections are due by January 13, 2012,* see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___7___ day of December, 2011.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

4 - ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS